IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT HALLMAN, | : | |
| | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | NO.    17-4604 |
| KATHY BRITTAIN, et al. | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 15th day of April, 2020, upon consideration of Petitioner Vincent Hallman's Petition for Writ of Habeas Corpus (Doc. No. 1), the Answer from Respondents Superintendent Kathy Brittain, the Attorney General of the State of Pennsylvania, and the District Attorney of Montgomery County (collectively, "Respondents") (Doc. No. 16), the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey (Doc. No. 18), and Petitioner's Objections (Doc. No. 20), I find the following:

**Factual Background**[1]

1. On July 5, 2007, Petitioner was convicted by a Montgomery County jury on multiple counts including robbery, aggravated assault, theft, possessing a firearm without a license, and resisting arrest.  These charges arose out of a September 29, 2006 robbery in which Petitioner and two other males entered an office building with guns and demanded money and possessions from the employees who were present.

---

[1] In lieu of engaging in a lengthy discussion of the factual background of Petitioner's state conviction and resulting sentence, I incorporate by reference the factual and procedural history as set forth in the Report and Recommendation.

2. On December 19, 2007, the trial court sentenced Petitioner to an aggregate term of twenty and one-half to forty-four years' imprisonment (consecutive terms of ten to twenty years for robbery, six to fifteen years for aggravated assault, three and one-half to seven years for the firearms offense, and one to two years for resisting arrest; all other counts merged).

3. Petitioner filed a timely direct appeal.  The Superior Court affirmed the judgment of sentence on September 25, 2008.  The Pennsylvania Supreme Court denied Petitioner's request for allowance of appeal on April 1, 2009.  On October 5, 2009, the United States Supreme Court denied certiorari.

4. On January 20, 2010, Petitioner filed a *pro se* petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541 *et seq.*, setting forth multiple claims of ineffective assistance of trial counsel.  The PCRA court appointed counsel, who then filed an amended petition on Petitioner's behalf raising only two claims:  (1) trial counsel was ineffective for failing to preserve an objection to the accomplice liability jury instruction, and (2) the bills of information were fatally flawed resulting in a lack of jurisdiction.

5. The PCRA Court held a hearing on November 28, 2014, at which time PCRA counsel advised that Petitioner was dissatisfied with counsel's performance on certain claims and wanted to represent himself.  The PCRA Court accepted Petitioner's waiver of counsel, allowed him to proceed *pro se*, and advised Petitioner that he had the choice to either (a) file an amended petition raising the additional claims he wished addressed, or (b) proceed on only the two issues presented in the counseled PCRA petition.  Petitioner opted for the latter, and the PCRA court dismissed the petition finding no basis for trial counsel's ineffectiveness.

6.  Petitioner appealed, and the Pennsylvania Superior Court affirmed on April 21, 2017. Petitioner did not seek allowance of appeal from the Pennsylvania Supreme Court.

7.  In January 2012, while Petitioner's PCRA petition was pending in the state courts, he filed his first petition for writ of habeas corpus. Due to the pendency of the PCRA proceedings, I dismissed the habeas petition as premature on February 20, 2013.

8.  Petitioner filed a second habeas petition in January 2014. Again, because the PCRA petition was still pending, I dismissed the habeas petition as premature on June 8, 2015.

9.  Petitioner filed the current Petition for Writ of Habeas Corpus on October 13, 2017, setting forth four claims: (1) trial counsel was ineffective for failing to object to the trial court's accomplice liability instruction; (2) trial counsel was ineffective for failing to object to previously "unaccounted" for evidence (money found in the back pocket of the pants he was wearing at the time of the arrest); (3) trial counsel was ineffective for failing to object to the court's reasonable doubt instruction; and (4) trial counsel was ineffective for failing to object to the lack of notice that the jury would be instructed on accomplice liability. He further alleged that any failure to exhaust these claims was due to the ineffective assistance of PCRA counsel.

10. I referred this Petition to United States Magistrate Judge Elizabeth T. Hey for a Report and Recommendation ("R&R"). Judge Hey issued a Report and Recommendation ("R&R") recommending that all claims be deemed procedurally defaulted because Petitioner had failed to exhaust his claims in state court. Judge Hey further found that Petitioner had not established cause sufficient to excuse the procedural default, under <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), because none of the underlying ineffectiveness claims were "substantial."

11. On August 1, 2019, Petitioner filed objections to the R&R, alleging that Judge Hey erred in her rulings on all four of his claims.

**Standard of Review for an R&R**

12. Under 28 U.S.C. § 636(b)(1)(B), a district court judge may refer a habeas petition to a magistrate judge for proposed findings of fact and recommendations for disposition. When objections to a Report and Recommendation have been filed, the district court must make a *de novo* review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In performing this review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

13. Although courts must give liberal construction to *pro se* habeas petitions, "[o]bjections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to *de novo* review." Gray v. Delbiaso, No. 14-4902, 2017 WL 2834361, at *4 (E.D. Pa. June 30, 2017), appeal dismissed 2017 WL 6988717 (3d Cir. 2017); see also Tucker v. PA, 18-201, 2020 WL 1289181, at *1 (E.D. Pa. Mar. 18, 2020). "Where objections do not respond to the Magistrate's recommendation, but rather restate conclusory statements from the original petition, the objections should be overruled." Prout v. Giroux, No. 14-3816, 2016 WL 1720414, at *11 (E.D. Pa. Apr. 29, 2016); see also Luckett v. Folino, No. 09-0378, 2010 WL 3812329, at *1 (M.D. Pa. Aug. 18, 2010) (denying objections to R&R because "[e]ach of these objections seeks to re-litigate issues already considered and rejected by [the] Magistrate Judge [ ].").

**Discussion**

14. Petitioner does not challenge the fact that his claims are all procedurally defaulted, but rather contends that these claims were "substantial" such that PCRA counsel's failure to raise them in the PCRA Petition constitutes sufficient cause to excuse the procedural default under <u>Martinez v. Ryan</u>, *supra*.  <u>See</u> <u>Bey v. Superintendent Greene SCI</u>, 856 F.3d 230, 237–38 (3d Cir. 2017) (noting that, under <u>Martinez</u>, PCRA counsel's failure to raise an ineffective assistance claim on collateral review may excuse a procedural default if (1) PCRA counsel was ineffective under the standards of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and (2) the underlying claim is "a substantial one," in that the claim has some merit).

15. Petitioner's objections constitute nothing more than a re-hash of the arguments made to and rejected by Judge Hey in the R&R.  Although I could summarily overrule these objections, I will briefly discuss each one.

*Objection Nos. 1 and 4*

16. Petitioner's first and fourth objections re-raise his habeas claims that PCRA counsel failed to raise the claim of trial counsel ineffectiveness for not objecting to (a) the prosecution's last-minute change of theory from Petitioner as a principal in the crimes to Petitioner as an accomplice in the crimes, and (b) the trial court's ensuing jury instruction on accomplice liability.

17. Petitioner contends that the indictment originally charged him as the principal in all of the crimes.  He argues that, at trial, the prosecution—without any objection by trial counsel—improperly changed its theory to accuse Petitioner as an accomplice on the robbery charge.

Thereafter, the trial judge gave an accomplice instruction, purportedly relieving the jury of its duty of finding Petitioner guilty beyond a reasonable doubt as a principal in the crimes— a charge to which trial counsel also did not object.

18. Judge Hey found no error in either the alleged change of theory or the accomplice liability jury instruction, finding that the trial court appropriately reminded the jury that Defendant could be convicted either as a principal or as an accomplice on the robbery charge.  Judge Hey further concluded that the accomplice jury instruction was legally proper and did not relieve the prosecution of its burden of proof on any element.  Accordingly, because she deemed the claims not "substantial," Judge Hey found that PCRA counsel's failure to raise them could not constitute cause for procedural default.

19. Petitioner's objections identify no clear error in this analysis.  Although Pennsylvania Rule of Criminal Procedure 564 prohibits the last minute addition of alleged criminal acts of which the defendant is uninformed, Commonwealth v. Sinclair, 897 A.2d 1218, 1221 (Pa. Super. Ct. 2006), it is crucial that "[a]ccomplice liability does not create a new or separate crime; it merely provides a basis of liability for the crime committed by another person." Alvarado v. Wetzel, No. 16-3586, 2019 WL 3037148 (E.D. Pa. July 10, 2019)  (quoting Commonwealth v. Gross, 101 A.3d 28, 35 (Pa. 2014)).   Stated differently, under Pennsylvania law, a person may be guilty of a crime in one of two ways: either by committing it by his own conduct or by committing it by the conduct of another person if he is an accomplice of that other person.  See 18 Pa. Cons. Stat. § 306(a); Pa. Suggested Standard Criminal Jury Instructions § 8.306(A)(1).

20. A person may be an accomplice of another if two elements are proved beyond a reasonable doubt:  (a) that the defendant had the intent of promoting or facilitating the commission of

the offense, and (b) that the defendant solicited, commanded, encouraged or requested the other person to commit it or aids/attempts to aid the other person in planning or committing it.  Pa. Suggested Standard Criminal Jury Instructions § 8.306(A)(1).

21. Under these standards, the prosecution here could have lawfully proven Petitioner's guilt on the robbery charge by showing that he was either the principal or an accomplice.  It was not required to separately charge him as both principal and accomplice.

22. To that end, the accomplice liability instruction given by the trial court properly charged the jury that even if it found that Petitioner did not personally engage in the conduct required for the commission of robbery, Petitioner could be guilty of robbery so long as the jury found that he was an accomplice.  The trial judge correctly explained that "[a] person is an accomplice of another person if, with the intention of promoting or facilitating the commission of the crime, he aids, agrees to aid, attempts to aid or is in concert with the person in planning the crime or committing the crime.  A defendant does not become an accomplice by his mere presence at the scene or by knowing about the crime; rather, he must be a knowing and voluntary participant in the crime."  (N.T. 7/5/07 at 95–97.)

23. This language appropriately referenced the specific language used by the legislature in defining accomplice liability in 18 Pa.C.S. § 306(c) and in the Pennsylvania Suggested Jury Instructions.  See Morgan v. Wynder, No. 07-3060, 2009 WL 564396, at *4 (E.D. Pa. March 4, 2009) (approving accomplice liability jury instruction that resembled language in the statute and standard jury instructions).  It did not relieve the jury of its duty of finding Petitioner guilty beyond a reasonable doubt on all of the elements necessary for a robbery conviction, and it specifically directed the jury that, even for accomplice liability, Petitioner must have had specific intent to commit the crime.  See Williams v. Beard, 637 F.3d 195,

223 (3d Cir. 2011) ("To show that a jury instruction violates due process, a habeas petitioner must demonstrate both (1) that the instruction contained some ambiguity, inconsistency, or deficiency, and (2) that there was a reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt.") (citing <u>Waddington v. Sarausad</u>, 555 U.S. 179, 190 (2009) (quotation omitted)).

24. As there was no error in either the presence or substance of the accomplice liability instruction, trial counsel had no basis on which to object. In turn, PCRA counsel's failure to raise this underlying claim does not constitute cause to excuse the procedural default of these claims. Accordingly, I will overrule this objection.

   *Objection No. 2*

25. Petitioner's second objection simply repeats, in two cursory sentences, claim two of his Habeas Petition challenging PCRA counsel's failure to raise trial counsel's improper stipulation to the admission of "previously unaccounted evidence"—specifically money that was discovered at trial in the pocket of the pants Petitioner was wearing when arrested.

26. Judge Hey thoroughly addressed this claim in the R&R. Petitioner has identified no error in that analysis. As I find that Judge Hey's discussion was correct, I will adopt it in its entirety and overrule this objection.

   *Objection No. 3*

27. Petitioner's last objection corresponds with his third habeas claim challenging PCRA counsel's failure to raise trial counsel's failure to object to the trial court's reasonable doubt instruction. Specifically, Petitioner contends that two portions of the trial judge's

reasonable doubt instruction—highlighted below—violated his due process rights by creating a higher standard of doubt than is required for acquittal:

> A reasonable doubt is defined as a doubt that would cause a reasonable careful and sensible person not just to pause and hesitate. <u>A mere hesitation in and of itself is not a reasonable doubt. But a hesitation concerning the guilt of a defendant may become reasonable doubt when and if that hesitation becomes a restraint and would then cause you to be restrained from acting in a matter of highest importance in your lives.</u>

> Although the Commonwealth has the burden of proving the defendant is guilty, this does not mean the Commonwealth must prove its case beyond a shadow of a doubt or beyond all doubt, or some type of mathematical certainty, nor must the Commonwealth demonstrate a complete impossibility of innocence. No. A reasonable doubt must fairly arise out of the evidence that was presented or out of the lack of evidence presented with respect to some element of the crime or crimes.

> <u>A reasonable doubt must be a real doubt, a substantial doubt.</u> It's not fanciful and it's not whimsical. It may not be an imagined doubt, or may it be a doubt manufactured to carry out or avoid carrying out an unpleasant duty such as the duty of convicting.

> So to summarize, you may not find the defendant guilty based upon mere suspicion of guilt. The Commonwealth has the burden of proving the defendant guilty beyond a reasonable doubt. If it meets that burden, then the defendant is no longer presumed innocent and you should find him guilty. On the other hand, if the Commonwealth does not meet its burden, then you must find him not guilty.

(N.T. 7/5/07, at 63–65.)

28. In his original Habeas Petition, Judge Hey addressed these precise challenges and found—guided by the United States Supreme Court's discussion in <u>Victor v. Nebraska</u>, 511 U.S. 1 (1994) and based on the language of the charge as a whole—that that there was no reasonable likelihood that the jury convicted Petitioner based on less than a reasonable doubt. (R&R 26.)

29. Petitioner's objections identify no error in this analysis and present no new arguments to support his claim.  Having reviewed the R&R, I agree with Judge Hey that even though the trial judge's use of the words of  "substantial doubt" and "restrain[] from acting" were less than ideal, the entirety of the jury instruction—considered under the standards set forth in Victor—obviates any constitutional concern.

30. As to the first phrase, the trial judge contrasted "substantial doubt" with mere "fanciful" or "whimsical" doubt, similar to the instruction accepted by the Supreme Court.  Victor, 511 U.S. at 20 (finding any ambiguity in the phrase "substantial doubt" to be obviated by the ensuing phrase, "as distinguished from a doubt arising from mere possibility, from bare imagination, or from fanciful conjecture"); see also Flamer v. State of Del., 68 F.3d 736, 757 (3d Cir. 1995) (holding that jury instructions describing reasonable doubt as "substantial doubt" not unconstitutional where instruction contrasted "substantial doubt" with "vague, speculative or whimsical doubt, nor a mere possible doubt").

31. Moreover, the United States Court of Appeals for the Third Circuit has specifically rejected the proposition that the phrase "restrain from action," in and of itself, renders a reasonable doubt instruction unconstitutional.  Thomas v. Horn, 570 F.3d 105, 119 (3d Cir. 2009) ("Although 'restrain from action' requires more doubt to acquit than 'hesitate to act,' it does not, by itself, so raise the threshold as to 'suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard.'"); see also Harrison v. Attorney Gen. of Pa., 795 F. App'x 103, 106–07 (3d Cir. 2019) (reaffirming Thomas's holding that although "restrain from acting" is not an exact synonym of "to pause" or "to hesitate," its use does not render a reasonable doubt jury instruction unconstitutional).

32. As such, I find that trial counsel's lack of objection to this reasonable doubt instruction fell within an objective range of professional reasonableness.  In turn, the failure of PCRA counsel to raise this claim of trial counsel ineffectiveness cannot constitute cause for the underlying procedural default.

**WHEREFORE**, it is hereby **ORDERED** that:

1. Petitioner's Objections (Doc. No. 20) are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 18) is **APPROVED** and **ADOPTED**;

3. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED** with prejudice and **DISMISSED** without a hearing;

4. There is no basis for the issuance of a certificate of appealability; and

5. The Clerk of Court is directed to mark this case **CLOSED**.


**BY THE COURT:**

*/s/ Mitchell S. Goldberg*

**MITCHELL S. GOLDBERG, J.**